## RECOVERY FROM EXECUTOR OF TAXES PAID BY REMAINDERMAN.

Circuit Court of Cuyahoga County.

W. SCOTT ROBINSON, EXECUTOR, v. FRANCIS W. BOWLER.

Decided, November 27, 1911.

*Taxes—Life Tenant's Duty to Pay—Remainderman Who Pays Not a Volunteer.*

Plaintiff was entitled to the remainder in certain real estate, subject to a life estate in another. The life tenant died October 24, leaving a will of which defendant was executor. Before December 20, 1909, plaintiff requested defendant to pay the taxes for 1909, payable at that time, which defendant refused to do, the same remaining unpaid until March 16, 1910, when plaintiff paid all the taxes for 1909 and penalty attached for non-payment of the part due December 20, 1909, and presented his claim therefor to the executor who rejected it. Suit being brought upon the claim, *Held:* The taxes were a debt of the estate of the life tenant, and it was the duty of her executor to pay the same; the remainderman was not a volunteer in paying them and was entitled to recover.

*T. H. Johnson* and *William Howell*, for plaintiff in error.
*A. A. & A. H. Bemis*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

M. Louise Bowler died on the 24th day of October, 1909. She was tenant for her life of certain real estate in this county. Francis W. Bowler was entitled to the remainder in the same real estate upon the determination of said life estate.

The taxes upon said real estate for 1909, were not paid by the life tenant, nor by the plaintiff in error, who is the executor of her

will. Before the 20th day of December, 1909, Francis W. Bowler requested the executor to pay said taxes. This the executor refused to do, and the part of said taxes which, by law, were payable on or before the 20th day of December, 1909, remained unpaid until the 16th day of March, 1910, when the plaintiff paid the entire taxes on the premises for the year 1909 with the penalty which was attached for the non-payment in December, 1909.

Bowler presented a claim against the executor on account of such payment, and this was rejected. Bowler, by his action in the court below, sought to recover the amount so paid by him.

The foregoing are the facts as they appear by the petition and the answer in the case. On motion of Bowler the court gave judgment in his favor upon the pleadings, and this is presented here as error.

First, were the taxes for all of the year 1909 chargeable to the life tenant? Section 5680, General Code, provides that "each person shall pay tax for the lands of which he is seized for life," etc.

Section 5671, General Code, provides that the "lien of the state for taxes levied for all purposes in each year shall attach to all real property subject to such taxes, on the day preceding the second Monday of April annually and continue until such taxes with any penalty accruing thereon are paid."

Section 2593, General Code, provides that "on or before the first day of October of each year, the county auditor shall deliver to the county treasurer a true copy or duplicate of the books containing the tax list required to be made by him for the year.

In reference to the estate of deceased persons. Section 10662, General Code, provides that "taxes or penalty lawfully placed on a duplicate shall be a debt of the decedent to have the same priority and be paid as other taxes, and collectible out of the property of the estate."

Section 2658, General Code, provides that "when taxes are past due and unpaid, the county treasurer may distrain sufficient goods and chattels belonging to the person charged with such taxes," etc.

Section 5678, General Code, provides, "If one-half the taxes charged against an entry of real estate is not paid on or before the 20th day of December in that year, or collected by distress or otherwise," etc., clearly showing that the remedy by distress provided in General Code 2658 is not confined to personal property, but extends as well to real estate.

In *Hoglen & Houck* v *John Cohan*, 30 O. S., 436, it is held that "taxes levied upon real estate, and which become a lien upon such real estate in April in each year, becomes due on the first day of October in each year, that being the date on which the duplicate of taxes is required by law to be placed in the possession of the county treasurer."

In the opinion in this case, the court uses the following language:

"True the treasurer can not enforce collection until after the 20th day of December, not for the reason that the taxes are not due, but because certain days of grace are given the owner in which to make payment, before penalty will be added for his delinquency."

These statutes and this case, together with others having a bearing upon the question (see especially *Welch* v. *Perkins*, 8th Ohio, 53, where it is held that the administrator may sell land to pay taxes which decedent owed at his death), lead us to the conclusion, as we think, the inevitable conclusion that, when Mrs. Bowler died on the 24th day of October, 1909, she owed the taxes on this land for the entire year; that this was in the nature of a debt, payable out of an estate left by her, personal or real, and unless Francis W. Bowler, when he made the payment, on March 16th, 1910, is to be treated as a volunteer, paying the debt of another when it was none of his business, he was entitled to recover as he did in this action.

On this latter question, there would seem little question that Bowler might pay the taxes as he did, and maintain his action against the executor on account of such payment. He was not a volunteer, forcing himself in where he had no interest. His lands were subject to a lien for the payment of these taxes, the time for payment of the first half of the year had passed, and

a penalty had already attached—interest was accruing; until these taxes were paid, his title to his lands was under a cloud, and the amount to be paid was increasing; the executor had re- fused to pay. His situation was far removed from that of one who officiously intrudes into the business of another. Author- ities on this point, cited in the brief of counsel for the defendant in error, fully sustain the position, that Bowler is not to be held as a volunteer. See especially *Erwin* v. *Argus,* 93 Federal, 629- 633.

There the court quotes from authorities, and on the weight of such authorities, and the justice and reason of the rule, says:

"Where it is shown that the payment was for the protection of his own property and he is compelled to pay what the defendant himself ought to have paid, the payment under such circum- stances will not be deemed to have been officiously made, nor will the plaintiff be looked upon as a mere volunteer or inter- meddler in matters in which he has no interest or concern."

We reach the conclusion, therefore, that the judgment was right, and it is affirmed.